IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. CR 11-2627 JP

RAFAEL GUTIERREZ-RODRIGUEZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant's Motion to Correct a Federal Sentence Pursuat [sic] to Federal Rule 35(b)(A) [sic] (Doc. 22). Defendant alleges that, according to evidence he discovered on May 17, 2013, the Court "applied the incorrect class of offence committed" and thus improperly imposed a three-year term of supervised release. He asks the Court to reduce the term to one year. The Court will deny Defendant's motion for failure to present cognizable grounds for relief or, alternatively, dismiss the motion for lack of jurisdiction.

    The Court announced Defendant's sentence on January 18, 2012 (Doc. 20). Sixteen months later, on May 21, 2013, Defendant filed his motion under "Rule 35(b)(A)" asserting "newly discovered evidence" (Doc. 22 p. 2). The Court construes the motion under rule 35(b)(2)(A) of the Federal Rules of Criminal Procedure, which allows relief in certain circumstances where a defendant provides "information not known to the defendant until one year or more after sentencing." Fed. R. Crim. P. 35(b)(2)(A). On the other hand, the terms of rule 35(b)(2)(A) require that the motion be filed by the government. The government has not moved for reduction, and the Court will deny the motion for failure to present cognizable grounds for relief under rule 35(b).

    Alternatively, the Court construes the motion as seeking relief under rule 35(a) for arithmetic or technical errors in Defendant's sentence. This relief may not be granted more than "fourteen days

after sentencing," Fed. R. Crim. P. 35(a), even if the motion is filed within those fourteen days, *see United States v. McGaughy*, 670 F.3d 1149, 1157 (10th Cir. 2012).  As the Court of Appeals for the Tenth Circuit has ruled, "We join the other circuits in holding that Rule 35(a)'s 14-day time limit is jurisdictional.  Thus, we find the district court had no jurisdiction to rule on [a] Rule 35(a) claim past the 14-day limit." *Id.* at 1158.  Defendant filed his rule 35(a) motion sixteen months after sentencing, and the Court will dismiss the motion for lack of jurisdiction.  *See id.* at 1160.

The foregoing analysis disposes of Defendant's motion, and the Court will not rule on the merits of Defendant's legal claim.  The Court notes, however, that Defendant is incorrect in his primary assertion that he was convicted of a "class B offense."  As stated in a memo to the Court from the office of the U.S. Probation/Pretrial Services, Defendant's offense under 18 U.S.C. § 1326(b)(1) is a Class C Felony and not a Class B Misdemeanor as asserted by Defendant.  Under 18 U.S.C. § 3583(b)(2), the maximum term of supervised release for Defendant's felony conviction is three years.  It thus appears that, even if Defendant's motion were cognizable and timely under rule 35, his "newly discovered evidence" would not constitute grounds for the relief he seeks.

IT IS THEREFORE ORDERED that Defendant's Motion to Correct a Federal Sentence Pursuat [sic] to Federal Rule 35(b)(A) [sic] (Doc. 22), construed under rule 35(b) of the Federal Rules of Criminal Procedure, is DENIED for failure to present cognizable grounds for relief; alternatively construed under rule 35(a) of the Federal Rules of Criminal Procedure, the motion is DISMISSED for lack of jurisdiction;

IT IS FURTHER ORDERED that the Clerk is directed to mail a copy of this Order to Defendant c/o the address indicated on page 2 of the motion (Doc. 22).

_____
SENIOR UNITED STATES DISTRICT JUDGE